1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11 | 828 CAPE BRETON PLACE LLC, ) Case No.: 14-CV-01367

12 | Plaintiff, ) ORDER DISMISSING CASE FOR
   |                              ) LACK OF SUBJECT MATTER
13 | v.                           ) JURISDICTION AND REMANDING
   |                              ) CASE TO STATE COURT
14 | FREDERICO T. BASBAS, ESTRELLITA T. )
   | BASBAS, and DOES 1-5,        )
15 |                              )
   | Defendants.                  )
16 | _____  )

17     On March 25, 2014, Defendants Frederico Basbas and Estrellita Basbas, proceeding pro se,

18 filed a notice of removal of a Santa Clara County Superior Court unlawful detainer action to this

19 Court. *See* ECF No. 1("Notice of Removal"). 828 Cape Breton Place LLC ("Plaintiff") has moved

20 to remand the case back to state court. ECF No. 10 ("Mot."). Defendants did not file an opposition

21 to Plaintiff's motion to remand. On April 23, 2014, Plaintiff filed a reply in support of its motion.

22 ECF No. 13. The deadline to file an opposition has passed. Thus, Plaintiff's motion to remand is

23 unopposed. *See* Civil L.R. 7–3(a). Pursuant to Civil Local Rule 7–1(b), the Court finds that

24 Plaintiff's motion is suitable for decision without oral argument. Accordingly, the motion hearing

25 and case management conference set for August 28, 2014 are VACATED. Having reviewed the

26 state court complaint and the relevant law, the Court determines the Complaint was improperly

27
28

**United States District Court**
For the Northern District of California

1

1   removed from state court. Accordingly, the case is dismissed for lack of subject matter jurisdiction

2   and REMANDED to state court.[1]

3   **I. BACKGROUND**

4       This action arises from Plaintiff's efforts to evict Defendants from residential property

5   located at 828 Cape Breton Place, San Jose, California 95133 (the "Property"). *See* Verified

6   Complaint for Unlawful Detainer ("Compl."), ECF No. 1 at Exhibit A. Plaintiff is the owner of the

7   Property, having purchased it at a trustee's sale on October 31, 2013. *Id.* ¶ 4. On January 10, 2014,

8   Plaintiff filed an unlawful detainer action in Santa Clara County Superior Court against Defendants

9   Federico Basbas and Estrellita Basbas, who executed the sale to Plaintiff on October 31, 2013, and

10  against DOES 1-5. *Id.* The unlawful detainer action was based on a failure to comply with a three

11  day notice to vacate the Property and deliver up possession of the Property to Plaintiff. *Id.* ¶¶ 6-8.

12      On March 25, 2014, Defendants removed the unlawful detainer action to federal court. ECF

13  No. 1 ("Notice of Removal"). The matter was originally assigned to Magistrate Judge Paul S.

14  Grewal, but was reassigned to the undersigned judge on March 27, 2014. *See* ECF Nos. 2, 7.

15  Plaintiff has now moved to remand the case back to state court. ECF No. 10.

16  **II. DISCUSSION**

17      Plaintiff argues that this case should be remanded to state court because it was improperly

18  removed. The Court agrees, as this Court has no subject matter jurisdiction to hear this case.[2]

19  [1] Prior to removal, the Superior Court of Santa Clara substituted plaintiff "828 Cape Breton Place
20  LLC" in the place of named plaintiff OneWest Bank F.S.B. on March 11, 2014. *See* Mot. at 1 n.1.
    While Plaintiff 828 Cape Breton Place LLC requests that this Court take judicial notice of that
21  decision and thus substitute "828 Cape Breton Place LLC" in as plaintiff on the docket in place of
    OneWest Bank F.S.B., the Court need not take judicial notice of the Santa Clara County Superior
22  Court's decision granting plaintiff's application to substitute "828 Cape Breton Place LLC" as
    plaintiff in place of OneWest Bank F.S.B. *See* ECF No. 10-2 (Santa Clara County Court decision
23  granting plaintiff's application). This is because that decision was made *before* Defendants
    removed this case to federal court on March 25, 2014, and thus this Court should give effect to that
24  ruling rather than simply taking notice of it. *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95
    F.3d 791, 795 (9th Cir. 1996) (when a case is removed from state court, the federal court "takes the
25  case up where the State left it off," and hence gives effect to prior state court rulings). The Court
    thus substitutes "828 Cape Breton Place LLC" in as plaintiff. The Court also notes that it need not
26  reach plaintiff's requests for judicial notice as to any other documents in this case in order to
27  dispose of plaintiff's motion.
    [2] The Court need not reach Plaintiff's argument that this case was untimely removed. Mot. at 1.
28
                                                    2

Case No.: 14-CV-01367
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING CASE
TO STATE COURT

1   Removal to federal court is proper where the federal court would have original subject matter

2   jurisdiction over the complaint. 28 U.S.C. § 1441.  If it appears at any time before final judgment

3   that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28

4   U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper.

5   *See Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009).

6   Defendants allege, as the basis for removal, that this Court has subject matter jurisdiction based on

7   federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. §

8   1332. *See* Notice of Removal at 2. The Court disagrees, as explained below.

9          Federal question jurisdiction does not provide a basis for jurisdiction in this case. Federal

10   courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties

11   of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law, if based on the "well-

12   pleaded complaint," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank,* 556

13   U.S. 49, 61 (2009). A review of the original Complaint filed in state court discloses no federal

14   statutory or constitutional claim for relief. Indeed, courts have recognized that an unlawful detainer

15   cause of action such as the one asserted here does not raise a federal question. *See Litton Loan*

16   *Servicing, L.P. v. Villegas,* 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan.

17   21, 2011) (citing *Evans v. Superior Court,* 67 Cal. App. 3d 162 (1977)) (remanding unlawful

18   detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez,*

19   2010 U.S. Dist. LEXIS 95714, at * 2–3, 2010 WL 3447678 (N.D. Cal. Aug. 30, 2010) (same).

20          Nor is there diversity jurisdiction in this case. Pursuant to 28 U.S.C. § 1332, Defendants

21   must show that they and Plaintiff are not citizens of the same state, and that the amount in

22   controversy exceeds $75,000. 28 U.S.C. § 1332. Here, the face of the Complaint alleges that the

23   amount demanded by Plaintiff does not exceed $10,000. Notice of Removal, Exhibit A at 5. *See*

24   *Chattha v. Jourdan,* 12–CV–03300–CRB, 2012 WL 2917610, at *2 (N.D. Cal. July 17, 2012)

25   (finding lack of diversity jurisdiction when face of complaint alleged the amount in controversy

26   was under $10,000). When a state court complaint affirmatively alleges that the amount in

27   controversy is less than the jurisdictional threshold, the party seeking removal must prove with

28

**United States District Court**
For the Northern District of California

3

United States District Court
For the Northern District of California

1   "legal certainty" that the jurisdictional amount is met. *See Stelzer v. CarMax Auto Superstores*

2   *Cal., LLC,* 13–CV–1788–LAB–JMA, 2013 WL 6795615, at \*5 (S.D. Cal. Dec. 20, 2013).

3   Defendants have not pointed to any facts, let alone facts sufficient to establish that the

4   jurisdictional amount is met to a "legal certainty." All they state in their notice of removal is that

5   "the amount in controversy exceeds $75,000, exclusive of interest and costs." Notice of Removal at

6   2. Furthermore, Defendants have not met their burden of establishing complete diversity of

7   citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3, (1996) (holding that in any case

8   where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all

9   plaintiffs must have citizenship different than all defendants). The Notice of Removal states that

10  Plaintiff is a corporation doing business in California, and that Defendants are residents of

11  California. *Id.* A natural person's citizenship is "determined by her state of domicile, not her state

12  of residence." *Kantor v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *Jeffcott v.*

13  *Donovan,* 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction

14  . . . is not dependent upon the residence of any of the parties, but upon their citizenship."). Thus,

15  the Court has no basis to infer the citizenship of Defendants simply based on their residency. For

16  purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and

17  of the state where it has its principal place of business. 28 U.S.C. § 1332(c); *Indus. Tectonics, Inc.*

18  *v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990). Defendants provide no basis to infer the

19  citizenship of Plaintiff, a corporation, though the Notice of Removal suggests it is California.

20  Simply put, Defendants have failed to meet their burden to establish that this Court has jurisdiction

21  pursuant to 28 U.S.C. § 1332.

22         Accordingly, because this Court lacks subject matter jurisdiction, this case is dismissed and

23  REMANDED to Santa Clara County Superior Court.

24  **III. CONCLUSION**

25         For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction, and

26  the case is REMANDED to Santa Clara County Superior Court. The Clerk shall close the file.

27  **IT IS SO ORDERED.**

28

4

United States District Court
For the Northern District of California

1    Dated: April 30, 2014
                                              _____
2                                             LUCY H. KOH
                                              United States District Judge
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 14-CV-01367
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION AND REMANDING CASE
TO STATE COURT